UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRYAN DIMAS GUTIERREZ CABRERA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,

Respondents.

Case No. 1:26-cv-04847 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

United States District Court
Eastern District of California

Petitioner Bryan Dimas Gutierrez Cabrera filed a Petition for Writ of Habeas Corpus seeking his immediate release from immigration custody. *See* Dkt. No. 1. The petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing Cuba, Petitioner entered the United States on or around November 16, 2021, and was taken into custody by the Department of Homeland Security ("DHS"). Dkt. No. 8-1 at 3. Petitioner was released from custody on his own recognizance, and placed in removal proceedings. *Id.* After this initial release, Petitioner began living in the United States with his wife—who is a lawful permanent resident—and stepson. Dkt. No. 1 at 4–5. He also applied for asylum and was granted work authorization from USCIS through February 20, 2026. *Id.* at 5.

Following his initial release from immigration custody, he was arrested for and charged with battery and domestic violence, though these charges were later abandoned. Dkt. No. 8-1 at 6–7. ICE, nonetheless took Petitioner into custody on or around April 28, 2022 for violating the conditions of his prior release. *See* Dkt. No. 8-1 at 3. Petitioner appears to have been released from ICE custody a second time following his 2022 arrest, however, the exact date of the release is not

clear from the records before the Court. Following this second release, Petitioner incurred several more criminal charges. He came to ICE's detention for a third time following a February 2026 arrest for aggravated battery, domestic violence, and robbery, among other charges, and was transferred from state to ICE custody on April 2, 2026. Dkt. No. 8-2 at 11–13; Dkt. No. 9 at 2.

Many prior orders within this district are dispositive on the issues raised in the Petition and motion for a temporary restraining order. *See, e.g.*, *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents have not provided Petitioner with an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, at which they must justify the reasons underlying the revocation of his release. Petitioner has a clear liberty interest in his continued freedom. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents filed an untimely opposition[1] to the petition noting that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing to determine Petitioner's suitability for release from detention" in light of his prior criminal convictions. Dkt. No. 8 at 1. They further argued that his detention is mandatory under 8 U.S.C. § 1225(b)(2). *Id*. As it has in the past, the Court rejects Respondents' argument that Petitioner may be mandatorily detained under § 1225(b)(2). However, the Court finds that a post-deprivation hearing is the appropriate remedy under these circumstances. Petitioner may have violated the

[1] Petitioner requests that the Court disregard Respondents' opposition as it was filed out of time. Though "[a] failure to file a timely opposition may also be construed by the Court as a nonopposition" under L.R. 230(c), the Court declines to do so here. Respondents' opposition was filed a day late and Petitioner has made no argument that its untimeliness prejudiced Petitioner in any way.

terms of his release given his prior arrests. The relevant question, however, is whether these events constitute changed circumstances that would justify an immigration judge revoking Petitioner's release. *See Singh v. Chestnut, et al.*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2, 4 (E.D. Cal. Feb. 2, 2026) (ordering a post-deprivation bond hearing for a petitioner who was formerly released on his own recognizance but detained by ICE after he was arrested for aggravated battery—despite finding that petitioner was not subject to mandatory detention under Laken Riley—because the government "may well have a legitimate interest in [p]etitioner's detention based on the information contained in the arrest report"); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO, 2025 WL 2938808, at *14–16, 18 (E.D. Cal. Oct. 16, 2025) (ordering a post-deprivation bond hearing where petitioner had multiple infractions of his conditional release order).

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED. Respondents are ORDERED to provide a substantive bond hearing withing fourteen (14) days at which the Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight if he is released. The hearing may be continued upon Petitioner's request, and he SHALL be allowed to have counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: August 28, 2026

EDWARD J. DAVILA
United States District Judge